UNITED STATES of America, Plaintiff–Appellee

v.

Miguel MEDINA–MARTINEZ, Defendant–Appellant.

No. 12–50707

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 22, 2013.

Joseph H. Gay, Jr., Assistant U.S. Attorney, Ellen A. Lockwood, Assistant U.S.

---

Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Assistant Federal Public Defender, Louis Wayne Correa, Federal Public Defender's Office, Del Rio, TX, for Defendant–Appellant.

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM: *

Miguel Medina–Martinez (Medina) appeals the 21–month within-guidelines sentence he received following his guilty plea to illegal reentry after having been previously deported. He asserts that his sentence is greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a) and did not take into account his personal history and characteristics, particularly his benign motive for returning. Medina also contends that he was punished disproportionately for his prior money-laundering conviction because it was used to increase his criminal history score by three points and to increase his base offense level by eight levels. Additionally, he asserts, in reliance on *Kimbrough v. United States,* 552 U.S. 85, 109–10, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), that a presumption of reasonableness does not apply to his within-guidelines sentence because the illegal reentry guideline, § 2L1.2, is not empirically supported.

We review sentences for reasonableness by engaging in a bifurcated review. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Cisneros–Gutierrez,* 517 F.3d 751, 764

(5th Cir.2008). First, we must ensure that the sentencing court committed no significant procedural error. *Gall,* 552 U.S. at 51, 128 S.Ct. 586. If the sentencing decision is procedurally sound, we should then consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* Medina raises no claim of procedural error and challenges only his sentence's substantive reasonableness.

As he concedes, Medina's empirical data argument is foreclosed. *See United States v. Duarte,* 569 F.3d 528, 529–31 (5th Cir. 2009); *United States v. Mondragon–Santiago,* 564 F.3d 357, 360 (5th Cir.2009). His argument that the district court placed disproportionate emphasis on his prior money-laundering conviction is essentially an argument that guidelines range was greater than necessary to meet § 3553(a)'s goals as a result of double counting, which argument is likewise unavailing. *See Duarte,* 569 F.3d at 529–31.

The district court had before it both mitigating and aggravating factors; it balanced these factors and determined that a sentence in the middle of the guidelines range was appropriate. Medina is essentially asking this court to reweigh the § 3553(a) factors, which it will not do. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos–Maldonado,* 531 F.3d 337, 339 (5th Cir.2008). That an appellate court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall,* 552 U.S. at 51, 128 S.Ct. 586. Moreover, the within-guidelines sentence imposed by the district court is presump-

---

tively reasonable, and Medina's argument concerning his benign motive for reentry fails to rebut that presumption. *See Rita v. United States,* 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *see also United States v. Gomez–Herrera,* 523 F.3d 554, 565–66 (5th Cir.2008).

Accordingly, the district court's judgment is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.